IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHERYL L. HUTCHINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-0635-C |
| | ) | |
| CITY OF OKLAHOMA CITY, | ) | |
| a municipality; DENNIS PHILLIPS, | ) | |
| in his individual and official capacity | ) | |
| as Water Operations Supervisor; | ) | |
| JIM CRAWFORD, in his individual and | ) | |
| official capacity as Plant Manager; and | ) | |
| MONTE HANNON, in his individual | ) | |
| and official capacity as Water | ) | |
| Quality Superintendent, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER
NUNC PRO TUNC[*]

Plaintiff filed this action, raising seven counts for relief.  In particular, in Count I

Plaintiff alleges discrimination and retaliation based on her race in violation of 42 U.S.C.

§ 1981; in Count II she alleges discrimination and retaliation in violation of Title VII

premised on her gender and race; in Count III she alleges a violation of Title VII by the

creation and maintenance of a hostile work environment; Count IV alleges a violation of her

equal protection rights and is brought pursuant to 42 U.S.C. § 1983; Count V alleges a

violation of the Equal Pay Act; Count VI asserts the state tort claim of intentional infliction

_____

[*]  This Order is entered to correct a scivener's error on page 3 of the Order entered
January 24, 2012.  This Order corrects the reference from Count II to Count III.

of emotional distress; and Count VII raises a state tort claim for negligent retention.  Plaintiff

also seeks the entry of punitive damages as to all Defendants.

The Defendants have filed motions to dismiss, relying on Fed. R. Civ. P. 12(b)(6),

attacking various portions of the Complaint.

## STANDARD OF REVIEW

Defendants' request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)

requires the Court to examine the well-pled allegations in Plaintiff's Complaint and

determine if those allegations state a plausible claim for relief.  The Court must examine the

"specific allegations in the complaint to determine whether they plausibly support a legal

claim for relief."  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S.

89, 93-94 (2007)).  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some*

set of facts in support of the pleaded claims is insufficient; the complaint must give the court

reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support

for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir.

2007).

## DISCUSSION

Initially the Court will address the Motion to Dismiss of the Individual Defendants

in Their Official Capacities (Dkt. No. 20).  In their motion, these Defendants argue that

Plaintiff's Complaint brought against them in their official capacities is superfluous, as she

has also named the City of Oklahoma City ("City").  Plaintiff concedes the motion and

2

asserts that she wishes to dismiss the official capacity claims against Defendants Hannon, Crawford, and Phillips.  Accordingly, those Defendants will be dismissed in their official capacities.

Turning to the remaining challenges to the Complaint, in Count I, Plaintiff brought a race discrimination claim alleging violation of 42 U.S.C. § 1981.  Each Defendant has challenged this claim, asserting that Plaintiff has nowhere identified her race nor raised any allegation sufficient to support a discrimination claim.  In response, Plaintiff concedes that she has no viable race discrimination claim and therefore dismisses her § 1981 claim and any Title VII-based race discrimination claim against all Defendants.

In Count III, Plaintiff brings a discrimination and retaliation claim pursuant to Title VII based on her gender.  Defendants Hannon and Crawford seek dismissal of this Count, asserting that under Tenth Circuit precedent there is no supervisor liability for a Title VII violation.  Plaintiff concedes this point and notes that ¶ 28 of her Complaint states that the count is brought against Defendant City only.  Accordingly, the Court finds that Defendants Hannon and Crawford's Motion to Dismiss (Dkt. No. 21) is moot on this point.

Defendant City brings a very general challenge, to both Count II and Count III, asserting only that Plaintiff has failed to plead sufficient facts to state a claim for relief. However, review of the Complaint filed by Plaintiff reveals that she has set forth sufficient allegations and factual averments to state a plausible claim for relief against Defendant City for violation of Title VII in the form of gender harassment, hostile work environment, and/or

retaliation.  Accordingly, Defendant City's motion to dismiss Counts II and III will be denied.

In Count IV, Plaintiff brings an equal protection claim pursuant to 42 U.S.C. § 1983. According to Plaintiff, her equal protection rights were violated by Defendant's actions of discrimination and retaliation towards her.  Defendants Hannon, Crawford, and City each argue that Plaintiff has failed to plead sufficient facts demonstrating a violation of her equal protection rights.  Defendant Phillips does not challenge this count.  The Court finds that Plaintiff has raised sufficient factual averments and allegations to give rise to a plausible claim for relief for violation of her equal protection rights.

Count V alleges an Equal Pay Act violation as to all Defendants.  Defendants Hannon, Crawford, and Phillips each argue that they are not proper parties, as they are supervisors. However, as Defendants note, the Tenth Circuit has not squarely addressed this issue. Indeed, the Court's research reveals no appellate court has ruled on the issue of whether an individual can be held liable for a violation of the Equal Pay Act.  Accordingly, the Court finds that dismissal would be improper at this stage.  Rather, the Court finds the appropriate course is to allow discovery to proceed and the parties to more fully develop the issues at the summary judgment stage.

Defendant City argues that Plaintiff has failed to raise sufficient allegations to support an Equal Pay Act claim.  In particular, Defendant City argues that Plaintiff has not alleged facts demonstrating a difference in pay other than what is set forth under the governing Collective Bargaining Agreement.  The Court disagrees.  Paragraphs 45 and 46 of Plaintiff's

Complaint both assert that other male co-workers were paid more than Plaintiff.  In addition, ¶¶ 48 & 49 assert that Plaintiff received lower wages than were received by male co-workers. Accordingly, Defendant City's motion to dismiss will be denied on this issue.

Count VI raises a state court claim which Plaintiff entitles Intentional Infliction of Emotional Distress.  Although Defendants Hannon and Crawford request that the Court decline to consider the claim under 28 U.S.C. § 1367, they offer no argument in support. Defendant Phillips raises no challenge to the emotional distress claim.  Defendant City argues that the claim should be dismissed as to it because it is not subject to an intentional tort claim because of its sovereign immunity.  In response, Plaintiff notes that she is not bringing an intentional infliction of emotional distress claim but a negligent infliction of emotional distress claim.  Plaintiff therefore argues that her claim is viable and proper, that she has exhausted her administrative remedies and that Defendant City is not entitled to the protection of sovereign immunity.  The Court finds Defendant City's arguments ignore the plain language of Plaintiff's Complaint.  Plaintiff has asserted a claim of negligent infliction of emotional distress.  While any claim of intentional infliction would clearly be barred by sovereign immunity and the Governmental Tort Claims Act, there is no support provided by Defendant City that the same barriers would exist for a claim of negligent infliction. Accordingly, Defendant City's motion to dismiss will be denied on this issue.

Count VII brings a claim for negligent retention, where Plaintiff argues that Defendant City negligently retained employees who were responsible for violating her rights. Defendant City argues this claim should be dismissed for the reason that Plaintiff failed to

assert sufficient facts to support her claim.  The Court disagrees and finds the allegations in Plaintiff's Complaint set forth a plausible claim for relief.  Accordingly, Defendant City's motion to dismiss will be denied on this issue.

Finally, Defendant City seeks dismissal of Plaintiff's claim for punitive damages. Plaintiff concedes that she is not entitled to recover punitive damages from Defendant City. Accordingly, the punitive damages claim will be dismissed as to Defendant City.

## CONCLUSION

As set forth more fully herein, the Special Appearance and Motion to Dismiss of Individual Defendants in Their Official Capacities (Dkt. No. 20) is GRANTED; the Motion for Partial Dismissal of Defendant Dennis Phillips, Sued in His Individual Capacity (Dkt. No. 14) is GRANTED in part and DENIED in part; Defendant Hannon and Crawford's Motion to Dismiss (Dkt. No. 21) is GRANTED in part and DENIED in part; and the Special Appearance, Motion to Dismiss of the City of Oklahoma City (Dkt. No. 18) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 24th day of January, 2012.

ROBIN J. CAUTHRON
United States District Judge

6